CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 0 5 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

UNITED STATES OF AMERICA,

v.

CHARLES T. TURNER,

*Defendant.*

CRIMINAL CASE NO. 6:04cr00009

ORDER AND OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on the Defendant's motion to suppress. The Court hereby DENIES Defendant's motion and makes the following findings of fact:

(1) The affidavit in support of the search warrant provides that a reliable confidential informant to the police (RCI) was in Hugo Bibbs' residence no more than 72 hours before the issuance of the warrant. The RCI observed another person give Bibbs money and ask him to obtain cocaine. The RCI saw Bibbs leave his residence with the money, cross the street and enter the Turner residence, and return without the money and with cocaine. The affidavit also states that other confidential informants (CIs) attempted to purchase cocaine through Bibbs. On those occasions, Bibbs crossed the street to Turner's residence and returned, but told them he could not get anything because Turner was not home. The police watched Bibbs go to Turner's on these occasions.

(2) The evidence adduced at the hearing on Defendant's motion to suppress reveals that

1

in addition to the two unsuccessful purchases described in the affidavit, the police also conducted two successful controlled purchases of cocaine from Bibbs using CIs. The CIs saw Bibbs take their money, cross the street to Turner's house, and return with cocaine. On these occasions, the police also observed Bibbs leave his house, cross the street to Turner's house and disappear from view, and return shortly thereafter to his own house, just as the CIs described. The CIs on these occasions were also wearing recording devices which corroborated their statements to police. None of the informants were aware of each other, and their statements all describe the pattern of activity that the police observed when informants attempted to purchase or observed purchases of drugs from Bibbs.

In light of these findings, the Court therefore concludes that:

(1) The search warrant at issue was properly based on probable cause given the totality of the circumstances, as required by *Illinois v. Gates*, 462 U.S. 213 (1983). The observations of the reliable confidential informant were independently corroborated by the observations of the confidential informants and the observations by the police. This information sufficed to establish "the probability . . . of criminal activity."*Gates*, 462 U.S. at 235 (quoting *Spinelli v. U.S.*, 393 U.S. 410, 419 (1969)). The affidavit provided the magistrate with a substantial basis for determining probable cause under a flexible, common-sense standard. *Id.* at 239.

(2) Even if the warrant were not supported by probable cause, however, the Court concludes that the officers acted in good faith and reasonably relied on the facially valid warrant under *United States v. Leon*, 468 U.S. 897, (1984).

The motion to suppress is therefore DENIED. It is so ORDERED.

The Clerk is directed to mail a copy of this order to all counsel of record.

2

ENTERED: _____

United States District Judge

January 5, 2006
_____
Date

3